IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WINDALE BARFIELD, KJ-6911, )
    Petitioner, )
     )
        v. )   2:17-cv-1646
     )
ROBERT GILMORE, )
    Respondent. )

MEMORANDUM and ORDER

Windale Barfield an inmate at the State Correctional Institution-Greene has presented a petition for a writ of habeas corpus (ECF No. 9) seeking to challenge the failure of the Pennsylvania Board of Probation and Parole ("the Board") to release him from custody.

Barfield was convicted upon a plea of guilty to charges of aggravated assault, possession with the intent to manufacture/sell/deliver controlled substances and sentenced to a term of imprisonment of three to six years at No. CP-63-CR-757-2011 in the Court of Common Pleas of Washington County, Pennsylvania. He now seeks to challenge the action of the Board in extending his maximum sentence expiration date. Upon the commencement of his sentence, his controlling minimum date was March 3, 2014 and controlling maximum date was March 3, 2017.

The records demonstrate that on July 8, 2015 Barfield was released on parole.[1] On June 9, 2016 he was declared delinquent effective June 1, 2016, and returned to custody on December 10, 2016.[2] On February 9, 2017, the Board declared petitioner at technical parole violator and recommitted him to serve up to six months at a community corrections center with a release date not to exceed June 10, 2017 and a maximum parole date of March 31, 2018.[3] On July 21, 2017, the prior action was modified pending disposition of criminal charges with the parole maximum date subject to adjustment if convicted of the pending criminal charges.[4] On December 26, 2017, the Board explained its decision in a letter to the petitioner:

---

[1] See: Exhibit B to the answer at P1.
[2] See: Exhibits A to the answer at P1 and P5.
[3] See: Id. at P2.
[4] See: Id. at P7.

> The Board recalculated your maximum sentence to March 31, 2018 based on your recommitment as a technical parole violator. The Prisons and Parole Code permits forfeiture of credit for technical parole violations for the period they were delinquent, 61 Pa.C.S. § 6138(c)(2). Thus, in light of your recommitment as a technical parole violator, the Board had authority to recalculate your sentence to reflect that you received no credit for time you were delinquent. Additionally, the ability to challenge the recalculation decision after it is imposed satisfied your due process rights. Therefore, the Board's recalculation of your maximum sentence date for technical parole violations did not violate any constitutional provisions…
>
> In this case, the Board found that you were delinquent from June 1, 2016 (day you were declared delinquent) to December 10, 2016 (arrest date), which amounts to 192 days. This is the only credit that the Board denied you based on your technical parole violations. Adding 192 days to the prior max date of September 20, 2017, yields a new max date of March 31, 2018.[5]

The petition has apparently also challenged this determination in the Commonwealth Court of Pennsylvania at No. 113 CD 2018.[6]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the

---

[5] See: Exhibit C to the answer at P6-P7.
[6] See: Exhibit D to the answer at P1-P2.

requirements of substantive due process are met if there is some basis for the challenged decision."

The record clearly demonstrates that Barfield's continued incarceration at the time the instant petition was filed is not the result of a violation of any federally protected rights. Thus his was sentence was adjusted to add the time he was on parole until his apprehension or approximately six months thereby creating a maximum expiration date of March 31, 2018.[7] This calculation is fully supported by the record. The continuation of his incarceration was fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell<br>
United States Magistrate Judge

---

[7] In a document fled on July 3, 2018 (ECF No. 16), the Court was notified that "because petitioner reached his maximum date while his new criminal charges [were] pending the Board lifted its warrant to detain him. Petitioner is no longer in the custody and control of the state authorities and it is believed on available records that petitioner is out on bail [on] his new criminal charges…

ORDER

AND NOW, this 5th day of July, 2018, for reasons set forth in the foregoing Memorandum, the petition of Windale Barfield for a writ of habeas corpus (ECF No. 2) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell<br>
United States Magistrate Judge